# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MELISSA CRUZ, individually as mother
and next friend of NICHOLAS ARCE, a minor,**

      Plaintiff,

v.                                              CIV 02-1478 LCS/LAM

**YARATHA REDDY, M.D., AND LEA
REGIONAL MEDICAL CENTER,**

      Defendants.

## PROPOSED FINDINGS AND CONCLUSIONS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's and Defendants' Joint Motion for Approval of Minor's Settlement (*Doc. 62*) filed on March 2, 2004. Court approval is necessary because this case involves a minor child, Nicholas Arce[1]. Having heard the presentations of counsel at a hearing held on April 7, 2004, and having considered the parties' joint motion, the report and recommendation of the Court-appointed guardian ad litem that was filed with the Court on April 5, 2004, and applicable law, the Court makes the following proposed findings and conclusions and recommended disposition:

### Findings

1. Melissa Cruz, individually and as mother and next friend of her son, Nicholas Arce, filed a complaint for damages under New Mexico law alleging negligence by Defendant Yaratha Reddy,

---

[1] The general rule is that the court must give approval to a settlement when minor children are involved. The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself." *Garcia v. Middle Rio Grande Conservancy Dist.*, 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

M.D., a pediatrician, and Defendant Lea Regional Medical Center (hereinafter "LRMC") in connection with the post-delivery medical care of Nicholas Arce when he was a newborn infant. *See First Amended Complaint* (*Doc 2*).

2. The incidents which gave rise to this lawsuit occurred in January of 2000. On January 17, 2000, Nicholas Arce was born in New Mexico at LRMC. Nicholas was born with an imperforate anus. Imperforate anus is a congenital abnormality where the extreme lower end of the digestive tract does not form properly and there is an absence of a normal anal opening. After his birth, Nicholas was examined by nurses at LRMC and Dr. Reddy who failed to detect the imperforate anus. On January 18, 2000, Nicholas was discharged home with his mother. On January 22, 2000, Melissa Cruz brought Nicholas back to LRMC. He was in distress and had a distended abdomen. It was then discovered that Nicholas had an imperforate anus. Nicholas was flown to Lubbock, Texas, for treatment and surgery to repair the imperforate anus by colostomy. Nicholas remained hospitalized until February 6, 2000. Subsequent surgeries were performed in August and September of 2000, respectively, to restore Nicholas' anatomy. These surgeries were successful. According to Plaintiff Melissa Cruz, Nicholas suffered no permanent effects from the delay in diagnosing and treating his imperforate anus. Nor does Nicholas appear to suffer from other congenital anomalies frequently found in patients with imperforate anus.

3. The parties reached a settlement and, on March 2, 2004, the parties filed their joint motion seeking court approval of their settlement. Subject to court approval, the parties agreed to settle for a total of $30,000.00. Melissa Cruz has waived any claim to any part of the settlement on behalf of herself individually. The proposed settlement is to be allocated as follows: $8,897.39 for medical lien reimbursements for Nicholas' medical care, $7,750.53 for Plaintiff's litigation costs, $10,000.00 for

Plaintiff's attorney's fees (one-third of the total settlement amount) and the balance of $3,352.08[2] to Nicholas. Nicholas' share of the settlement proceeds will be paid to his mother, Melissa Cruz, and the Court finds it is in Nicholas' best interest to impose a condition that his mother spend his share of the settlement proceeds solely for his benefit.

4. On March 10, 2004, the Court held a telephonic hearing on the parties' joint motion and decided to appoint a guardian ad litem for Nicholas Arce following the general practice in this district when a minor is involved in a settlement agreement. At the hearing, the Court specified that the guardian ad litem's fees were not to be paid from Nicholas' share of the settlement proceeds and Defendant Reddy, through his counsel, agreed to pay the cost of the guardian ad litem. *See Clerk's Minutes* (*Doc. 64*).

5. On March 24, 2004, the Court appointed F. Michael Hart, Esq., of Eaton, Martinez & Hart, P.C., as guardian ad litem for Nicholas Arce. *See Order Appointing Guardian Ad Litem* (*Doc. 66*).

6. Mr. Hart conducted a thorough investigation of this case, including a review of the pleadings and the deposition of Plaintiff Melissa Cruz. He also reviewed selected medical records, summaries of the events alleged in the case and medical literature related to the case. Mr. Hart met with counsel for the Plaintiff Melissa Cruz and counsel for Defendant Reddy to discuss issues of liability and damages. He also interviewed Plaintiff Melissa Cruz and reviewed litigation cost bills provided by her counsel.

7. Mr. Hart prepared a written report that was filed with the Court on April 5, 2004. *See Report of the Guardian Ad Litem* (*Doc. 67*). In his report, Mr. Hart summarized his investigation

---

[2]The guardian ad litem used the figure of $3,353.08 in his report. The correct amount is $1.00 less.

of this case. He gave particular attention to the fact that the proposed settlement will result in a minimal distribution to Nicholas Arce after distributions are made from the settlement proceeds to pay medical lien reimbursements for Nicholas' medical care, litigation costs and attorney's fees. In spite of this minimal distribution to Nicholas, Mr. Hart concluded, based on his investigation of the relevant facts and the law applicable to this case, that the settlement amount offered was within the range of probable outcomes if the case were to go to trial. In this regard, Mr. Hart expressed concern in his report that if the case were tried, Nicholas might actually recover less than he would under the proposed settlement or his mother might be left in debt. Accordingly, Mr. Hart concluded, based on his investigation, that the proposed settlement was fair to Nicholas and it was appropriate to approve the proposed settlement. *See Report of the Guardian Ad Litem* (*Doc. 67*)

8. On April 7, 2004, the Court held a second hearing on the parties' joint motion. Counsel for Plaintiff and Defendants, Plaintiff Melissa Cruz and guardian ad litem F. Michael Hart all appeared telephonically. *See Clerk's Minutes* (*Doc. 68*). At the second hearing, counsel for the parties stated that the records of this case do not need to be sealed and Mr. Hart affirmed his recommendation that the proposed settlement is fair to Nicholas Arce and should be approved.

**Conclusions**

After consideration of the evidence, the presentations of counsel, and the guardian ad litem's report and recommendation, the undersigned United States Magistrate Judge concludes that the Court has jurisdiction over the parties and the subject matter of this case, and further concludes that the settlement of this case proposed by the parties is in the best interest of the minor child, Nicholas Arce. Additionally, the undersigned concludes that it is in Nicholas' best interest to impose a condition that his mother, Melissa Cruz, spend his share of the settlement proceeds solely for his benefit.

4

### Recommended Disposition

Therefore the Court recommends that the parties' Joint Motion for Approval of Minor's Settlement (*Doc. 62*) filed on March 2, 2004, be **GRANTED** and the proposed settlement be **APPROVED subject to the condition that Plaintiff Melissa Cruz spend Nicholas Arce's share of the settlement proceeds solely for his benefit**. Defendants should disburse the settlement proceeds in accordance with the settlement agreement. Upon the filing of a certification by the parties that the settlement proceeds have been fully disbursed and the settlement has been fully consummated, I further recommend that this case be **DISMISSED WITH PREJUDICE.**

> **THE PARTIES ARE HEREBY NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Conclusions and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Unless affirmatively waived, a party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Conclusions and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**